IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NORMAN IRIS RIVERA-SANTIAGO by herself and on behalf of minors R.Z.D.S. and R.D.S.,

**Plaintiffs,**

v.

UNITED STATES OF AMERICA,

**Defendant.**

CIVIL NO. 22-1138 (RAM)

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the United States of America's ("Defendant") *Motion to Dismiss* (the "*Motion*"). (Docket No. 14). For the reasons detailed below, the *Motion* is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

On August 25, 2018, plaintiff Norma I. Rivera-Santiago ("Rivera-Santiago") and her two granddaughters, minors R.Z.D.S. and R.D.S. (together with Rivera-Santiago, the "Plaintiffs") were attacked by a stray dog outside the United States Postal Office at Flamboyán Gardens in Bayamón, Puerto Rico (the "Post Office"). (Docket No. 1 at 4). The dog was eventually scared away by an

---

[1] The Court's factual recitation is taken from Plaintiffs' allegations in the *Complaint*, the content of which must be accepted as true at this stage of the proceedings. *See* Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

unknown bystander. Id. at 5. There were no United States Postal Service ("USPS") security personnel nearby to prevent the attack. Id. Rivera-Santiago and R.Z.D.S. were taken to a hospital, and R.Z.D.S. and R.D.S. subsequently went through months of psychological treatment and/or therapy to cope with the associated emotional injuries. Id.

Following the dog attack, Plaintiffs submitted administrative claims with the USPS seeking compensation for their injuries, which they attributed to a lack of adequate USPS security at the Post Office. (Docket Nos. 1 at 1; 1-1).[2] After amending their administrative claims at the request of a Tort Claims Examiner/Adjudicator, Plaintiffs received final response letters from the USPS dated October 8, 2019. (Docket Nos. 1 at 2; 1-9). In the final response letters, the USPS declined to accept legal liability for Plaintiffs' alleged damages, explaining that "an investigation of [the] matter failed to establish a negligent act or omission on the part of the [USPS] or its employees." (Docket No. 1-9 at 1, 3, 5). The letters clearly stated that, if Plaintiffs disagreed with the denial of their administrative claims, they could "file suit in a United States District Court no later than six (6) months after the date" on the letter. Id.

On March 2, 2020, Plaintiffs filed the complaint in Civil

---

[2] The documents referred to in this section were attached to the *Complaint*, and thus the Court may consider them at this stage. *See infra* § II.B.

Case No. 20-1116 before the Honorable Jay A. Garcia-Gregory (the "*Original Complaint*"), seeking damages from Defendant for their injuries pursuant to the Federal Tort Claims Act ("FTCA"). (Case No. 20-1116, Docket No. 1). On April 16, 2021, Judge Garcia-Gregory ordered Plaintiffs to show cause as to why the case should not be dismissed for failure to properly serve the United States and for failure to diligently prosecute, as there had been no case activity for the preceding ten months. (Case No. 20-1116, Docket No. 9). Plaintiffs failed to respond to the order, prompting the court to issue another order to show cause as to why Plaintiffs failed to comply. (Case No. 20-1116, Docket No. 10). Plaintiffs again failed to respond to the second order to show cause, and the case was dismissed without prejudice "for failure to adequately serve process, failure to diligently prosecute, and noncompliance with [the] Court's Orders." (Case No. 20-1116, Docket No. 11). The judgment was issued on May 3, 2021. (Case No. 20-1116, Docket No. 12).

On May 14, 2021, Plaintiffs filed a motion for reconsideration, requesting that the Court reconsider its order dismissing the case. (Case No. 20-1116, Docket No. 13). Plaintiffs' counsel asserted he failed to comply with both orders to show cause because his secretary did not enter the deadlines correctly in his calendar. Id. at 1-2. Plaintiffs filed a second motion for reconsideration on September 24, 2021. (Case No. 20-1116, Docket

No. 14). Judge Garcia-Gregory denied the motions on February 7, 2022, explaining that "a wrong calendar entry is not an excuse for non-compliance with Court orders, especially since the Court entered [two] separate Orders to Show Cause and gave Plaintiffs over [two] weeks to respond." (Case No. 20-1116, Docket No. 15).

Approximately five weeks later, on March 17, 2022, Plaintiffs filed the *Complaint* in this action, again alleging the United States is liable under the FTCA for failing to have security personnel or security measures in place to prevent dog attacks or adequately intervene when they occur. (Docket No. 1). The *Complaint* is almost identical to the *Original Complaint*. (*Compare* id. *with* Case No. 20-1116, Docket No. 1). Defendant subsequently filed the pending *Motion*, contending the *Complaint* is time-barred and thus should be dismissed. (Docket No. 14). Plaintiffs filed an opposition, and Defendant filed a reply. (Docket Nos. 20; 23).

## II.   APPLICABLE LAW

### A. The FTCA's Statute of Limitations

"It is axiomatic that, absent an explicit waiver, the United States is safeguarded from suit in any court in accordance with its sovereign immunity." Morales-Melecio v. United States (Dep't of Health & Hum. Servs.), 890 F.3d 361, 366 (1st Cir. 2018) (citation omitted). The FTCA constitutes one such limited waiver of the United States' sovereign immunity, allowing "for damages claims to be brought against the United States for any 'injury or

loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Id. (quoting 28 U.S.C. § 1346(b)(1)). Importantly, the FTCA bars a tort claim against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The running of this limitations period is **not** tolled by filing a complaint that is subsequently dismissed without prejudice. See Wiscovitch-Rentas as Tr. of Est. of Ocasio Serrano v. United States, 2019 WL 13200609, at *3 (D.P.R. 2019); Pagan v. United States, 2016 WL 3910260, at *5 (D.P.R. 2016).

The Supreme Court made clear that the FTCA's statute of limitations is nonjurisdictional, and therefore subject to equitable tolling. See United States v. Wong, 575 U.S. 402, 420 (2015). The FTCA's statute of limitations is thus viewed as a defense to be asserted by the defendant. Morales-Melecio, 890 F.3d at 367. A court may equitably toll the statute of limitations "when a party has pursued its rights diligently but some extraordinary circumstance prevents it from meeting a deadline." Ortiz-Rivera v. United States, 891 F.3d 20, 25 (1st Cir. 2018) (internal quotation

marks and citation omitted). "[T]he party seeking tolling has the burden of establishing that there is a basis for doing so," and district courts have "discretion to decide whether that burden has been met." Id.

**B. Rule 12(b)(6) Standard**

Defendant properly invoked Federal Rule of Civil Procedure 12(b)(6) in the *Motion*. See Morales-Melecio, 890 F.3d at 367 (explaining that motions to dismiss based on the FTCA's statute of limitations should now be brought under Rule 12(b)(6) or Rule 56). When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted). In performing this review, the Court "can consider (a) implications from documents attached to or fairly incorporated into the complaint, (b) facts susceptible to

judicial notice, and (c) concessions in plaintiff's response to the motion to dismiss." Id. at 55-56 (internal quotation marks and citations omitted).

### III.   ANALYSIS

Defendant seeks dismissal of the *Complaint* on statute of limitations grounds, citing the lengthy period between the USPS's denial of Plaintiffs' administrative claims and the date the *Complaint* was filed. (Docket No. 14). In opposition, Plaintiffs do not assert the *Complaint* was timely filed.[3] Instead, they contend the equitable tolling doctrine saves their untimely claims. (Docket No. 20 at 3-4). Plaintiffs argue they diligently pursued their rights in Civil Case No. 20-1116 but Judge Garcia-Gregory's delay in ruling on their motions for reconsideration presented an "extraordinary circumstance" that impeded their ability to file the *Complaint* on time. Id. at 4.

The Court finds Plaintiffs' equitable tolling arguments unpersuasive. Simply put, Plaintiffs did not diligently pursue their rights. A review of the docket in Civil Case No. 20-1116 reveals that Plaintiffs failed to comply with *two* orders to show cause. Once the *Original Complaint* was dismissed, they then waited

---

[3] As noted above in § II.A., the filing of the *Original Complaint* did not toll the statute of limitations in this case. See Wiscovitch-Rentas, 2019 WL 13200609, at *3 ("Still, the timely filing of *Case 1* does not mean that *Case 2* is timely, for the running of the limitations period is not tolled under the FTCA by filing of a complaint that is subsequently dismissed without prejudice."); Pagan, 2016 WL 3910260, at *5 ("[A] prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice.").

eleven days before filing their first motion for reconsideration, in which Plaintiffs' counsel admitted he failed to properly calendar and track the deadlines in the case. Finally, once the motions for reconsideration were denied, Plaintiffs took over five weeks to file the *Complaint* in this action, despite the fact the *Complaint* is nearly identical to the *Original Complaint*.

Further, the Court rejects Plaintiffs' argument that Judge Garcia-Gregory's denial of their motions for reconsideration qualifies as the type of "exceptional circumstance" that would warrant equitable tolling. The First Circuit has stated that a "plaintiff's filing of a motion for reconsideration of a dismissal of a previously filed complaint does not toll [the] limitations period in [a] subsequent action." de Casenave v. United States, 991 F.2d 11, 14 n. 6 (1st Cir. 1993) (citing Hilton Int'l Co. v. Union de Trabajadores de La Industria Gastronomica, 833 F.2d 10, 11 (1st Cir. 1987)) (declining to apply principles of equitable tolling to FTCA claim when the plaintiffs' initial lawsuit was dismissed due to their counsel's refusal to abide by the district court's discovery orders).

The Court does not wish to downplay the severity of the physical and emotional injuries Plaintiffs allegedly suffered. However, dismissal of the *Original Complaint* was due entirely to Plaintiffs' and their counsel's failure to diligently prosecute their case. Merely pointing to their previously filed case, without

substantiating their equitable tolling argument, is insufficient to survive Defendant's motion to dismiss on statute of limitations grounds. *See* Pagan, 2016 WL 3910260, at *5 (dismissing FTCA claims where the plaintiffs "only pointed to a previously filed case" and did not allege "any facts that would establish a tolling requirement"). Thus, the FTCA's statute of limitations cannot be equitably tolled, and the *Complaint* must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the *Complaint* is time-barred and thus the *Motion to Dismiss* is **GRANTED**. This case is therefore **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of October 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge